**E-Filed 4/13/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN E. WILLIAMS, an individual, CASSANDRA O. WILLIAMS, and individual,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., INC., and DOES 1 through 50 inclusive,<br><br>Defendants. | Case Number C 10-00399 JF (HRL)<br><br>**ORDER[1] GRANTING MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT**<br><br>[re doc. no. 5] |

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). The motion is unopposed and has been submitted without oral argument. For the reasons discussed below, the motion will be granted as to Plaintiffs' federal claim without leave to amend. Plaintiffs' state law claims will be remanded to the Santa Clara Superior Court.

---

[1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

On December 9, 2009, Plaintiffs John E. Williams and Cassandra O. Williams ("Plaintiffs") filed this action in the Santa Clara Superior Court, alleging that Defendant Wells Fargo Bank, N.A., Inc. ("Defendant") violated both the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. and California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 *et seq*.  Plaintiffs also allege that Defendant breached fiduciary duties and the implied covenant of good faith and fair dealing.  Defendant removed the action to this Court on January 28, 2010.

Plaintiffs own real property located at 3687 Pienzanna Court, San Jose, California. Complaint ¶ 1.  Defendant is a mortgage lender.  Complaint ¶ 8.  Plaintiffs apparently entered into a loan transaction that somehow involves Defendant as the lender and/or the servicer of the loan.  Complaint Ex. A at 2.  Plaintiffs allege that on October 23, 2009, by facsimile sent to Defendant, they made a qualified written request ("QWR") for "specific loan origination documents".  Complaint ¶ 9, Complaint Ex. A.[2]  As of December 9, 2009, Defendant had not responded to the QWR.  Complaint ¶ 9.

## II. MOTION TO DISMISS

**A.    Legal Standard**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[2] Exhibit A to the complaint is a facsimile from Plaintiffs' counsel to Defendant, dated October 22, 2009.  The complaint refers to Exhibit A as the QWR, though it alleges that the request was made on October 23, 2009.  Complaint ¶ 9.  The Court may consider this document on a motion to dismiss because documents attached to the complaint are considered as part of the complaint for all purposes.  Fed. R. Civ. P. 10(c).

2

Case Number C 10-399 JF
ORDER GRANTING MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT
(JFEX1)

to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 8(a) requires "a short and plain statement" of the basis for relief including grounds for the court's jurisdiction, a statement showing that Plaintiffs are entitled to relief, and a demand for the relief sought. Rule 8(d) requires each allegation to be "simple, concise, and direct."

**B.    The RESPA claim**

Under RESPA, loan servicers "ha[ve] a duty to respond to a borrower's inquiry or "qualified written request." 12 U.S.C. § 2605(e)." *Keen v. Amer. Home Mortgage Servicing, Inc.*, 664 F. Supp. 2d 1086 (E.D. Cal. 2009). Plaintiffs allege that Defendant violated RESPA because it did not respond to a QWR. Defendant appears to concede that it is subject to RESPA, but it argues that Plaintiffs have not stated a RESPA claim because (1) they never made a QWR and (2) they do not allege that they suffered pecuniary damages, even if they did make a QWR.

A QWR must meet several statutory requirements. A QWR requests information relating to the servicing of a loan. 12 U.S.C. § 2605(e)(1)(A). It is a written request other than notice on a payment coupon or other payment medium supplied by the servicer. 12 U.S.C. § 2605(e)(1)(B). The request must provide sufficient information for the servicer to identify the name and account

3

of the borrower. 12 U.S.C. § 2605(e)(1)(B)(i). Finally, the request must either include a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B)(ii).

Defendant contends that Plaintiffs' communication was not a QWR because it fails to meet two of these requirements: it did not request information relating to the servicing of a loan and it did not provide a reason for Plaintiffs' belief that the account was in error. As to the latter point, 12 U.S.C. § 2605(e)(1)(B)(ii) is written in the disjunctive: a QWR may include *either* a statement of the reason for the borrower's belief that the account is error, *to the extent applicable*, *or* provide sufficient detail to the servicer regarding *other information sought*. Exhibit A includes a list of fifteen specific documents:

- Lender's Closing Instructions (if available)
- HUD-1 Settlement Statement
- Uniform Residential Loan Application (FNMA 1003)
- Promissory Note with all endorsements, medications, attachments, riders, addendum's [sic], etc.
- Mortgage/Deed of Trust/Security Instrument with all endorsements, modifications, attachments, riders addendums, etc.
- Prepayment Rider (if applicable)
- Initial Truth in Lending Disclosure
- Final Truth in Lending Disclosure
- Section 32 Disclosures (if applicable)
- Good Faith Estimate
- Broker Fee Agreement (if applicable)
- Rescission Notice/Right to Cancel (if applicable)
- Mortgage Insurance Certificate (if applicable)
- Escrow/Impound Disclosure Statement
- Escrow Waiver

Complaint Ex. A at 2. This is sufficient.

Defendant is correct, however, that a QWR also must request information relating to the servicing of a loan. 12 U.S.C. § 2605(e)(1)(A). Under RESPA, "[t]he term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). It is apparent from Exhibit A that Plaintiffs' request was unrelated to the

servicing of the loan. Exhibit A states only that "[m]y client is currently dealing with some financial issues and I would like to discuss her options (Modification, Short Sale, Bankruptcy, etc.) at this point." Complaint Ex. A at 2. The documents requested relate to the original loan transaction. *Id.*, Complaint ¶ 9. Not all requests that relate to the loan are related to the *servicing* of the loan. *See, e.g.*, *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing the plaintiff's RESPA claim with prejudice after observing that the requirement "[t]hat a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan."); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) ( dismissing a RESPA claim because "[a]ccording to the allegations . . . , the letter sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the [] account balance."). Plaintiffs requested "specific loan origination documents" relating to their "options" for loan modification, short sale, or bankruptcy. This request was not related to payments due pursuant to the loan as it exists or to the duties imposed upon a loan service by RESPA.

Defendant's contention that Plaintiffs failed to allege any pecuniary damages resulting from its failure to respond to the QWR also is well taken. *See Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J.,2006) (finding that "[p]laintiffs must, at a minimum, also allege that the breach resulted in actual damages."); *see also Reynoso v. Paul Financial, LLC*, No. 09-3225 SC, 2009 WL 3833298, 7 (N.D. Cal. Nov. 16, 2009) (dismissing a RESPA claim that alleged damages in a conclusory manner and that failed to describe the putative QWR) and *Singh v. Washington Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, *5 (N.D. Cal. Aug. 19, 2009) (dismissing a RESPA claim that only contained a conclusory allegation that the defendants were liable for damages). "[C]ourts have interpreted this requirement liberally." *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393, *15 (E.D. Cal. Sept. 3, 2009). Plaintiffs allege only that the RESPA violation has "caused Plaintiffs damage in an amount to be determined at trial". Complaint ¶ 12. This conclusory allegation is

insufficient, even under a liberal pleading standard.

Plaintiffs' RESPA claim is entirely dependent on the contents of Exhibit A to their complaint. As discussed above, Exhibit A is not a QWR, and amendment of the complaint cannot cure its statements in that respect. Plaintiffs' failure to respond to the instant motion, even though they are represented by counsel, provides an additional basis to deny leave to amend. Because amendment would be futile, the claim will be dismissed without leave to amend. *See Dumas*, 90 F.3d at 393.

**2.  Supplemental Jurisdiction**

Plaintiffs' RESPA claim is the sole basis for federal subject matter jurisdiction. While federal courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."). Because Plaintiffs cannot state a viable federal claim, the Court declines to address their state law claims and will remand the claims to the superior court.

**C.  Motion for a More Definite Statement**

In light of the above discussion, Defendant's alternative motion for a more definite statement will be terminated as moot.

//
//
//
//

## IV. CONCLUSION

Good cause therefor appearing, the motion to dismiss Plaintiffs' RESPA claim is GRANTED, without leave to amend. The remaining claims are remanded to the Santa Clara Superior Court for further proceedings.

DATED: 4/13/2010

_____
JEREMY FOGEL
United States District Judge

Case Number C 10-399 JF
ORDER GRANTING MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT
(JFEX1)